[S. F. No. 4884. Department Two.—December 15, 1908.]

In the Matter of the Estate of EDWIN FRETWELL, Deceased. LOTTA M. CRABTREE, Appellant, v. ANNIE S. FRETWELL, and F. E. SAWYER, as Administrator, etc., of Edwin Fretwell, Deceased, Respondents.

ESTATE OF DECEASED PERSON—FAMILY ALLOWANCE—DELAY IN APPLICATION.—A widow does not lose her right to a family allowance from the estate of her deceased husband by delaying her application therefor for more than three years after the issuance of letters of administration on his estate.

ID.—INSOLVENT ESTATE—ALLOWANCE FOR LIMITED PERIOD—TIME OF COMMENCEMENT.—Where an application for a family allowance from an insolvent estate is granted more than three years after the issuance of letters of administration, with a specific direction that it should continue for but one year, the fact that it was directed to commence from the time of the death of the deceased, instead of from the time letters of administration were granted, as required by section 1466 of the Code of Civil Procedure, is an immaterial irregularity.

ID.—RIGHT NOT AFFECTED BY LOAN TO WIDOW.—A widow's right to an order for a family allowance is not affected by the fact that a former administrator, without authority, had loaned her sums of money belonging to the estate which she had never repaid.

APPEAL from an order of the Superior Court of Marin County granting a family allowance. Thomas J. Lennon, Judge.

The facts are stated in the opinion of the court.

John Flournoy, for Appellant.

Barclay Henley, and Jos. K. Hawkins, for Respondents.

HENSHAW, J.—This is an appeal by a creditor from an order of family allowance made in favor of the widow of the deceased. The application for family allowance was made and granted more than three years after the letters of administration had been issued, but this fact, of course, did not impair the widow's rights. (*In re Welch*, 106 Cal. 427, [39 Pac. 805].) The court found that the widow had no income, that no order had been made exempting any of the property, and that the sum of one hundred and fifty dollars per month was

reasonable, and ordered a family allowance in that amount "commencing from the time of the death of said deceased and running for twelve months. This order is made without prejudice to another application for family allowance in case hereafter said estate shall turn out to be solvent."

The court, for the purposes of the order which it made, treated the estate as insolvent. An objection is presented to the form of the order in that it is made to continue one year from the death of the deceased instead of from the time letters of administration were granted. Section 1466 of the Code of Civil Procedure declares that in case of an insolvent estate the allowance must not be longer than one year "after granting letters testamentary." But the irregularity here is without prejudice, since the order is limited in its operation to twelve months, and it cannot matter to appellant whether the twelve months began to run from the date of the death or from the date of the issuance of letters testamentary. In either case the result is the same, and as the time has long since elapsed the order couched in either form amounts to nothing more than a direction to the administrator to pay to the widow for her support the sum of eighteen hundred dollars.

The principal contention of appellant is that to grant any family allowance was improper, because the petitioner before making application for a family allowance had received from the former administratrix of the estate nearly five thousand dollars of the funds of the estate which she had not repaid. If it be a fact, that the former administratrix of the estate loaned or gave to the widow, without authority, some five thousand dollars of the funds of the estate, it cannot affect the widow's right to an order of family allowance. In such a case the administratrix would be directly responsible to the estate for the moneys thus improperly loaned or expended. But such advancements to the widow, even if made improvidently and without authority, cannot be held to operate as a bar to the right of a family allowance which the statute accords. Whether or not the present administrator would be entitled to set off the award of family allowance against the advancements already made is a matter entirely without the consideration of this case.

The order appealed from is affirmed.

Lorigan, J., and Beatty, C. J., concurred.