[Civ. No. 12178.   First Dist., Div. Two.   Jan. 12, 1943.]

Estate of ISAAC L. ETTLINGER, Deceased.   MILLICENT L. SEARS ETTLINGER, Appellant, v. CLARE D. ETTLINGER et al., Respondents.

John H. Crabbe for Appellant.

Manson & Allan for Respondent Clare D. Ettlinger.

NOURSE, P. J.—Three appeals from three separate orders made in probate have, by stipulation and order, been consolidated for hearing and determination upon the same transcript and briefs. One appeal is from 'an order made October 9, 1941, granting the widow a family allowance of $500 a month until the filing of the inventory and appraisement; one is from an order made November 3, 1941, granting her a family allowance of $250 a month after the filing of the inventory and appraisement; the third is from an order dated November 25, 1941, setting apart to the widow the family home as a probate homestead.

The appellant is the former wife of the decedent. They were divorced in 1929 at which time a written property settlement agreement was executed and made a part of the decree of divorce. The respondents, other than the widow and the executor, are three adult daughters of the deceased by a marriage prior to that with appellant, and the American Trust Company, which holds a deed of trust upon the home property which is the subject of the controversy over the probate homestead.

The appellant has presented a formidable appearing and involved statement of the issues involved which can be fairly and concisely restated in this form—(1) Do the orders granting a family allowance take precedence over the contractual obligations of the deceased arising from the property settlement agreement? (2) Did the rights of the appellant under this agreement foreclose the power of the court to set aside a homestead to the widow? (3) Did the widow forfeit her right of inheritance by applying for and accepting a family allowance and a probate homestead in view of the provisions of the will excluding a legatee who attacked the will?

▮ (1) The rights of the widow to a family allowance, and the status of the orders granting an allowance are covered by statute. Section 680 of the Probate Code provides that the widow is "entitled" to such reasonable allowance as may be necessary. "Such allowance must be paid in preference to all other charges, except funeral charges, expenses of the last illness and expenses of administration." Section 950 of the same code deals with the order of payment of debts of decedent. The family allowance is listed fourth in order, "Mortgages and other liens" are listed seventh, "Judgments" against decedent are listed eighth, and "all other demands against the estate" are listed ninth in order.

There is no uncertainty or ambiguity in this language,

nothing which calls for interpretation or judicial conjecture. The widow and children are given a preferred right to such an allowance and this must be paid ahead of all claims except the three prior charges above listed. Running through appellant's argument is the suggestion that, because of the language found in the property settlement agreement declaring that the obligation of the contract should be "a charge upon the estate" of decedent, she has some kind of a preferred claim or lien upon the property of the estate which must be given preference over these rights of the widow. It is true that the decedent contracted not to dispose of or alienate his property so as to make the settlement agreement unenforceable. It does not appear that he did so. It is equally true that he contracted in the settlement agreement to make the obligation a charge upon the property in the estate, though it does not appear that any specific property was designated. We are not concerned with the question whether such a provision would be of any value to appellant in this controversy; we may concede for the purpose of this decision that appellant's claim is a charge upon the assets of the estate in the nature of a lien. But we are nevertheless confronted with the simple determination of the prior rights of the widow under the express provisions of the code sections. There it is declared that the family allowance "must" be paid in preference to "all other" charges—except three with which we are not now concerned.

Appellant relies upon *Estate of Smith,* 200 Cal. 654 [254 P. 567], where the Supreme Court held that the lien in favor of a minor child under a judgment awarding him support during minority was prior in right to that of the widow to have the entire estate set over to her under sections 640 et seq. of the Probate Code. An examination of the code sections discloses the distinction between the two cases. Section 645 declares that when the whole estate is thus set aside to the surviving spouse, or minor children, the order shall be "subject to whatever mortgages, liens, or encumbrances there may be upon said estate at the time of the death of the decedent." This is materially different from section 950 which declares that the family allowance shall take precedence over "mortgages and other liens" and "judgments." For these reasons the court did not err when it included in the order for a family allowance the provision that appellant's claim was subordinate to the right of the widow under the order.

Some of the appellant's argument on this point is based upon the voluntary statement that the estate is insolvent. We are unable to find any evidence of insolvency or any finding in that regard. Both parties state in their briefs that the estate was appraised at $172,615, that the home property was valued at $15,000, subject to a trust deed of $9,000, and that the chief asset of the estate consisting of shares in a farming corporation was appraised at $100,000, but that there might be difficulty in disposing of it. With the record in this state it is impossible to say what the condition of the estate is, but it is manifest that when the orders appealed from were made there was nothing before the probate court which would justify a conclusion that the estate was then insolvent.

(2) The second question must be answered in the negative. Here too the rights of the widow are purely statutory. Section 661 of the Probate Code provides that the court "must select, designate and set apart" a homestead for the use of the surviving spouse. The homestead was limited to a period of five months. That period has long since expired. This was in accordance with the code section if the property was the separate property of decedent. The appellant attacks the finding that the property belonged to the community of decedent and respondent Clare. We cannot see what difference it makes since the order does not exceed the period for which a homestead could have been set aside when the property was the separate property of the deceased.

For these reasons the order setting aside a homestead for a limited period was proper, and the duty of the court to so provide is not subject to the claims of creditors, heirs, or other claimants. (*Estate of Levy*, 141 Cal. 646, 652. [75 P. 301, 99 Am.St. Rep. 92].)

(3) The third question does not require extended comment to support a negative answer. The rights of the widow to apply for and receive a family allowance and a probate homestead, are specially conferred by statute, as heretofore stated. The code prescribes the limitations of the exercise of the widow's rights and these cannot be defeated by the act of a testator. If she is to be put to her election to assert those rights or to stand upon her inheritance under the will, the intention of the testator to bring about that result must appear clearly in the will. (*Estate of Cowell*, 164 Cal. 636, 642 [130 P. 209].) But it seems useless to discuss what might be the

relative rights of the parties if some future litigation should present them for determination. Here the widow is not seeking any right as an heir or beneficiary under the will. She is merely pursuing her statutory right to seek a family allowance and a probate homestead. If she has by such course forfeited her right to take under the will it is no concern of this appellant, and it is not an issue on this appeal.

The orders are affirmed with costs to respondents.

Sturtevant, J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 11, 1943.