[Civ. No. 13492.   First Dist., Div. Two.   Apr. 12, 1948.]

Estate of WALTER SECORD, Deceased. FANNIE SHLIFF SECORD, Appellant, v. MURIEL ANN SECORD et al., Respondents.

Abraham Setzer for Appellant.

Gregory S. Stout, Macklin Fleming, Heller, Ehrman, White & McAuliffe for Respondents.

OGDEN, J. pro tem.—This is an appeal from an order denying the petition by a widow, the appellant herein, for a family allowance from the estate of her deceased husband pursuant to the provisions of section 680 of the Probate Code.

The decedent died testate, the provisions of and the beneficiaries of his will are not, however, disclosed by the record. His estate, as disclosed by the inventory, consists of household furniture, an automobile, an interest in a promissory note and a small amount of traveler's checks all of the total value of $4,370. Prior to his death, he and appellant owned as joint tenants a bank account in the sum of $800 and two parcels of real property producing a gross rental of $300 per month. Appellant, as the survivor, became and was, at the time of her petition, the sole owner of the property so held in joint tenancy. She testified, however, that the bank account had been expended for funeral and other expenses, that the rental from the real property had not met the cost of necessary repairs thereto, and that it had become necessary for her to borrow money upon which to live.

In addition to appellant, decedent left surviving him an adult daughter by a prior marriage. A claim was filed by his former wife against the estate in the approximate sum of $9,000, based upon arrearages claimed to be due under a court order for the support of this daughter during her minority. It was rejected by appellant in her capacity as executrix and suit thereon was thereupon instituted against the estate. Shortly thereafter appellant petitioned the pro-

bate court for an allowance from the estate for her support, suggesting the sum of $500 per month effective as of the date of decedent's death.

At the hearing oral objection to the granting thereof was made by counsel representing the claimant. The probate judge denied the petition *in toto.*

■ It is the position of respondent that the probate court was entitled to infer from the failure of the widow to apply for an allowance until after suit against the estate upon the rejected claim was instituted and from the excessive amount of the request, which if allowed would have consumed the entire assets of the estate in less than nine months, that no allowance from the estate was in fact necessary for her support, and that it was requested solely as a device to preclude the claimant, if successful in the pending litigation, from recourse to the assets of the estate. We agree that the inference is strong that such was the principal motive of appellant. It does not follow, however, that solely by reason of such a motive the widow is precluded from asserting the right to support from her husband's estate given her by section 680 of the Probate Code.

■ ■ The authorities relied upon do not support the contention of respondent that the granting or withholding of that right is discretionary with the probate court. Those authorities recognize a wide discretion in the determination of the amount of the allowance (*In re Lux,* 100 Cal. 593 [35 P. 341] ; *Estate of Bump,* 152 Cal. 274 [92 P. 643] ; *Estate of Cowell,* 164 Cal. 636 [130 P. 209] ; *Estate of Nelson,* 167 Cal. 321 [139 P. 692] ; *Estate of Clark,* 96 Cal.App. 243 [274 P. 76] ; *Estate of Coffin,* 16 Cal.App.2d 532 [61 P.2d 81]) and in the determination, where the estate is solvent, of its duration (*Estate of Clark, supra; Estate of Taylor,* 12 Cal. App.2d 374 [55 P.2d 537] ; *Estate of Coffin, supra; Estate of Kennedy,* 64 Cal.App.2d 757 [149 P.2d 319]). Where the wife has no legal right of support from her husband at the time of his death, it has been held that she has no right to support from his estate (*Estate of Brooks,* 28 Cal.2d 748 [171 P.2d 724]) and the right to an allowance may be waived by agreement (*Estate of Schwartz,* 79 Cal.App.2d 308 [179 P.2d 868]). It is not waived, however, by mere delay in petitioning therefor. (See *Estate of Fretwell,* 154 Cal. 638 [98 P. 1058], where there was a delay of three years. Here the petition was filed within five months after appellant's appointment as executrix.) Our attention has been directed

to no instance, however, and we know of none, where it has been held that where the right to receive support from her husband existed at the time of his death it is discretionary to grant or deny the right to receive support from his estate to an extent commensurate with the needs of the widow and the assets of the estate.

As stated by Justice Traynor in *Estate of Brooks, supra,* ". . . a family allowance was intended by the Legislature *to* continue, during the settlement of the estate, the support that the wife was previously receiving or was at least entitled to receive." It was said in *In re Lux, supra,* "Its language is express and mandatory, and in the language of the counsel for the appellant, 'the duty of maintaining the family, which the law imposed upon the deceased husband or father in his lifetime, is continued against his estate pending its administration,' if the estate is insolvent."

Here the right of appellant to receive support from her husband up to the time of his death is not disputed. It appears from the record, at least inferentially, that at the time of his death she was living with and supported by him. Her right to receive, by way of family allowance, that support from his estate pending its administration was not waived by her failure to apply therefor at the time of her appointment as executrix. Section 681 of the Probate Code expressly contemplates and authorizes such application being made subsequent to the filing of the inventory. She was not precluded from asserting that right because of any separate income from the properties formerly held in joint tenancy. (See *In re Lux, supra,* where the probate court was directed to make an allowance to the widow "without regard to the fact that she may have separate property sufficient for her support." See also *Estate of Cowell, supra; Estate of Finch,* 173 Cal. 462 [160 P. 556]; *Murray* v. *Guarantee Trust & Savings Bank,* 79 Cal.App. 69 [248 P. 1039].)

Appellant's right to a reasonable allowance for her support was not affected by the disputed claim of the former wife. In *Estate of Ettlinger* (56 Cal.App.2d 603 [132 P.2d 895]) this court held that the widow's right to family allowance took precedence over the contractual obligations of the deceased arising from a property settlement agreement with a former wife. The following language expressed in that case is equally applicable here: "The rights of the widow to a family allowance, and the status of the orders granting an allowance are covered by statute. Section 680 of the Probate

Code provides that the widow is 'entitled' to such reasonable allowance as may be necessary. 'Such allowance must be paid in preference to all other charges, except funeral charges, expenses of the last illness and expenses of administration.' Section 950 of the same code deals with the order of payment of debts of decedent. The family allowance is listed fourth in order, 'Mortgages and other liens' are listed seventh, 'Judgments' against decedent are listed eighth, and 'all other demands against the estate' are listed ninth in order.

"There is no uncertainty or ambiguity in this language, nothing which calls for interpretation or judicial conjecture. The widow and children are given a preferred right to such an allowance and this must be paid ahead of all claims except the three prior charges above listed."

The order is reversed with directions to the probate court to make its order granting to appellant a family allowance in such amount and for such period as in its discretion it shall determine to be reasonable and necessary, in accordance with the views herein expressed.

Nourse, P. J., and Dooling, J., concurred.