[Civ. No. 8003.   Third Dist.   Nov. 14, 1951.]

Estate of ALBERT COONS, Deceased.   MATHILDA COONS, as Executrix, etc., Appellant, v. BERNESS NEVADA COON, Respondent.

Edward E. Craig for Appellant.

Thomas J. MacBride and Charles F. Gray for Respondent.

ADAMS, P. J.—A. R. Coon, also known as A. R. Coons, a chiropractor, died testate on November 23, 1948, a resident of Sacramento County. He left as his purported widow and as the executrix of his will, one Mathilda Coons, whom he had married on July 23, 1948.

Berness Nevada Coon, also known as Vada Coon, claiming to be the wife of decedent by reason of a marriage with him consummated in Winchester, Indiana, on August 15, 1907, sought and was granted a family allowance from the estate of decedent. Mathilda Coons, as executrix of the estate, has filed an appeal from the order granting such allowance. Appellant's contentions are that the evidence adduced by Berness Nevada Coon was insufficient to support her claim to be the widow of decedent, that even if the evidence of her marriage to decedent was sufficient there was evidence that she had abandoned any right she might have had for such an allowance, was estopped from asserting rights to same, and was guilty of laches; and that the amount allowed by the court, $100 per month, was excessive and its allowance constituted an abuse of discretion.

In support of her claim to be the widow of decedent, Berness Coon introduced in evidence the applications of Albert G. Coon and herself for a marriage license, in Randolph County, Indiana, dated August 14, 1907, the license itself, bearing the same date, and the certificate of Rev. C. E. Hiatt that he joined decedent and Berness Nevada Kem in marriage. Said certificate was a part of the license, but bore the date August 8, 1907. The authenticity of these records is not questioned, but it is asserted by appellant that they do not evidence a valid marriage because they indicate that the ceremony before Rev. Hiatt took place before the filing of the applications by the parties and the issuance of the license by the county clerk. Testimany was given by Hazel Hiatt, daughter of Rev. C. E. Hiatt, that she knew Berness and Coon before their marriage, was present at the ceremony, and played the wedding march; and that the ceremony took place on August

15, 1907. She also testified that Berness and Albert Coon thereafter lived together as man and wife, that she saw them frequently, and knew when a son, John Thomas, was born to them. She identified pictures of father and child together.

Testimony of Charles Lindsay, son of decedent's sister, tended to establish a marriage between Berness and Albert Coon, the existence of a son of the marriage, and that the marriage was never dissolved. He testified to a statement by Coon in 1945 that he "never even got a divorce"; and that decedent had a photograph of his son John in the living room of his home.

John Thomas Coon testified that to the best of his knowledge his parents were Vada and Albert Coon; that he saw his father in San Francisco in 1936. He identified a letter written to him at Winchester, Indiana, June 1, 1935, signed "Your Father," and postmarked Fairfield, California; he also said that his father usually sent him Christmas cards, and occasionally wrote letters; that when he saw his father in San Francisco they talked about his mother, and his father asked for and was given a picture of Vada; that any divorce from Vada was not mentioned; that on a second visit with his father the latter mentioned a "lady that stayed with him," but did not say they were married.

Berness Coon testified as to her marriage with decedent, and that it took place on August 15, 1907; that she lived with Coon for nine years; that a son of the marriage, John Thomas Coon, was born November 5, 1913, at Winchester, Indiana. An exemplified copy of the birth certificate was introduced, which named Berness as the mother and Albert as the father. Two deeds executed by Albert Coon and Vada Coon, his wife, on March 27, 1927, and December 15, 1911, were introduced in evidence. The earlier one was acknowledged by both before a notary in Randolph County, Indiana, and the later one acknowledged by Vada before a notary in Randolph County, Indiana, and by Albert before a notary in Solano County, California. She stated that she lived with Coon in San Francisco in 1915; that Coon had come there in April, 1914, and she joined him in January, 1915, and remained until June, 1916, when she returned to Winchester on a visit. She identified letters written to her by Coon in 1917 and 1918, after her return to Winchester, which were addressed to "Mrs. Albert Coon." In one of these letters from San Francisco, dated March 23, 1918, Coon suggested that one or the other of them get a divorce, but she took no action. He also sent her some

money, but put off her return to California. ▉ She also testified that she had never divorced Coon, nor had she ever been served with any divorce or annulment papers; that she had never been notified that Coon had secured a divorce or annulment; that she knew all of the Coon family and saw them frequently; that she never was told by anyone that Coon had remarried. She also introduced into evidence several letters written to her by Coon, each being addressed to "Mrs. Albert Coon." She also introduced certificates of the county clerk of every county wherein the record shows that either of the parties had resided after the marriage in 1907, including certificates from every county in Nevada, to the effect that no divorce or annulment action had been instituted therein by either Albert or Vada Coon. This was a sufficient showing. (*Estate of Smith*, 33 Cal.2d 279, 281 [201 P.2d 539].) Also in her behalf there were introduced photostat copies of old newspapers kept on file in the office of the Records of Randolph County, Indiana, which papers carried accounts of the issuance of a marriage license to Berness Nevada Kem and Albert G. Coon, and their marriage on August 15, 1907.

Evidence was adduced showing the marriage of Albert R. Coons to Loretta McMahon on July 3, 1918, in San Francisco. The application for the marriage license recites, under the heading "Single, widowed or divorced," "Single"; and under "Number of marriage," "1"; and as to "Residence," a hotel in San Francisco. This was the first time, as far as this record shows, that decedent used the name "Coons," though he did so thereafter. It is to be noted that this marriage was consummated just over three months after the letter dated March 24, 1918, was written to Berness by Coon in which he suggested that either she or he secure a divorce; and it was some nine years prior to the execution in 1927 of the deed by Coon and "Vada Coon, his wife." Obviously no divorce could have been secured by Coon in California within the three months' period that elapsed between the letter and his marriage to Loretta, nor in Nevada, either, since in that year residence of six months in a specific county in Nevada was required before a divorce could be secured. And not until 1927 was this residence requirement changed, and then to three months (Stats. 1927, ch. 96, p. 126) which continued to be the requirement as to residence until 1931 when it was changed to six weeks. (See *Tesoriere* v. *Second Judicial District Court*, 50 Nev. 302 [258 P. 291]; *Latterner* v. *Lat-*

*terner,* 51 Nev. 285 [274 P. 194].)  And as for an annulment, no grounds for such an action appear, nor could a decree of annulment have been secured without service of some kind upon Berness, which she testified was not effected.

The evidence shows that Loretta died January 7, 1947, and that on July 23, 1948, Coon married appellant in whose favor he left a will, appointing her as executrix thereof.

Appellant's first contention on this appeal is that the evidence does not show that Berness and decedent were legally married, because the certificate of the pastor who performed the ceremony indicates that it was performed prior to the application for a marriage license and the issuance of the same on August 14, 1907.  But the difference in these dates created merely a conflict which the trial court has resolved in favor of the validity of the marriage, and which is amply sustained by the evidence.  The presumption is that the public officials in Indiana performed their duty and that the license was issued prior to the marriage ceremony.  Obviously the minister, through inadvertence, dated the certificate just one week before the date of the license.  There is an abundance of evidence that such ceremony actually took place on August 15th instead of the 8th.  And the evidence is also ample to overcome the presumption relied upon by appellant in her brief that Coon did not commit bigamy when he consummated his two subsequent marriages.  See *Estate of Smith, supra; Estate of Cooper,* 97 Cal.App.2d 186, 191 [217 P.2d 499] ; *Clendenning* v. *Parker,* 69 Cal.App. 685, 687 [231 P. 765].

Appellant next contends that Berness should have been denied a family allowance because she had not, during the years which had elapsed since her marriage to Coons applied for or claimed support by him and therefore had abandoned any rights which she may have had for support; that she is guilty of laches; and that she is estopped from asserting a right to family allowance, apparently because she had given no notice or warning to Loretta or Mathilda that she was the wife of decedent, and that they had thereby been ''lulled into a sense of security.''  The evidence shows that she had no knowledge of these subsequent marriages, and could not be charged with any obligation to inform Loretta or Mathilda had she even known them or of them.

There is, also, no evidence that Berness ever abandoned her husband.  On the contrary, the record indicates that after she had returned to Indiana on a visit after having resided

with him in California, he promised to but failed to send her money for her return, and discouraged her return by writing her of his lack of steady occupation or means. █ Separation alone does not constitute abandonment of a spouse or of a right to a family allowance (*Estate of Cooper, supra; Estate of Brooks*, 28 Cal.2d 748 [171 P.2d 724]; 11A Cal.Jur., § 376, p. 517); and by supporting herself and her child during the intervening years respondent did not abandon the right to support to which she was entitled (Civ. Code, § 174) and which was a continuing right not lost by separation (*Winslow* v. *Winslow*, 82 Cal.App. 515, 518 [255 P. 880]). As for laches, it does not appear that she was unduly slow in asserting her right to a family allowance. █ It was asserted some 14 months after Coon's death. █ Also her delay would not affect her right to such an allowance (*Estate of Fretwell*, 154 Cal. 638 [98 P. 1058]; *Estate of Secord*, 84 Cal.App.2d 783, 785 [192 P.2d 81]).

█ As for appellant's argument that the award of $100 per month for respondent is excessive in view of the value of the estate, and that the court abused its discretion in awarding that sum, it may be noted that appellant herself has on file a petition for a family allowance of $200 per month. That the estate is fairly substantial finds support in the evidence. Chas. Lindsay, decedent's nephew, testified that Coon purchased real property in Fair Oaks about May 1, 1947, paying $15,000 cash for same, and that he subsequently built a house on it for $4,000, cash. Also there is jewelry belonging to said estate of an admitted value of some $800, with other items of the value of $655 in dispute. Also it was shown that at the time of Coon's death he had $1,600 in a checking account, part of which is now in the estate account; also that there is some cash in the estate account from a savings account, the amount in total being over $1,700. There is also real estate in Carmichael, title to which was taken in joint tenancy by Coon and Mathilda, and which has a possible value of $18,000. We are satisfied that the allowance was reasonable and that there was no abuse of discretion on the part of the probate court, that the evidence supports the order of the court and that no reversible error appears.

The order appealed from is affirmed.

Schottky, J. pro tem., and Peek, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 10, 1952. Carter, J., and Schauer, J., voted for a hearing.