[Civ. No. 10107.    Third Dist.    Mar. 14, 1961.]

Estate of MARION PETER BALDWIN, Deceased.  SUE BALDWIN, Appellant, v. ESTATE OF MARION PETER BALDWIN, Respondent.

Albert E. Cronin, Jr., for Appellant.

No appearance for Respondent.

WARNE, J. pro tem.*—This is an appeal from an order denying the petition by the widow, the appellant herein, for a family allowance from the estate of her deceased husband pursuant to the provisions of section 680 of the Probate Code.

The decedent died on May 25, 1960, testate, and on August 9, 1960, the appellant filed a verified petition for the probate of decedent's will and for letters testamentary. The estimated value of the estate was alleged to be $3,148.52. The petition further alleged that decedent left surviving his wife, the appellant, one adult daughter, and a minor daughter. Decedent's last will and testament naming appellant as sole devisee and executrix was attached to the petition. The will was admitted to probate and letters testamentary were issued to appellant, Sue Baldwin, on August 25, 1960. The will was uncontested.

On August 24, 1960, appellant filed a verified petition setting forth the fact that she was the surviving wife of decedent and the executrix of his estate; that the decedent died on May 25, 1960, and that the matter was pending before the court and no inventory had yet been filed; that the decedent left surviving him petitioner, his wife, and a minor daughter. The estimated value of the estate was alleged to be $3,148.52. It was alleged that the sum of $300 per month was a reasonable allowance out of the estate and was necessary for the maintenance of Sue Baldwin and Susan Gay Baldwin, ac-

---

*Assigned by Chairman of Judicial Council.

cording to their circumstances, for the reason that they have been deprived of support because of the death of decedent. The prayer asked for an allowance of $300 per month family allowance.

In the order admitting decedent's will to probate the probate court specifically found that the facts alleged in the petition for probate of said will were true. Thus it was found that appellant was the surviving wife of the decedent and that a minor daughter also survived.

In the *Estate of Ettlinger*, 56 Cal.App.2d 603, 604 [132 P.2d 895], the court said: "The rights of the widow to a family allowance, and the status of the orders granting an allowance are covered by statute. Section 680 of the Probate Code provides that the widow is 'entitled' to such reasonable allowance as may be necessary. 'Such allowance must be paid in preference to all other charges, except funeral charges, expenses of the last illness and expenses of administration.' " (Prob. Code, § 950. See also *In re Lux*, 100 Cal. 593 [35 P. 341]; *Estate of Brooks*, 28 Cal.2d 748 [171 P.2d 724]; *Estate of Secord*, 84 Cal.App.2d 783 [192 P.2d 81].) And although generally a probate court has wide discretion in determining the amount of the allowance, the granting or withholding of a support allowance is not discretionary if the assets of the estate are sufficient to satisfy prior charges. (*Estate of Secord, supra.*)

Appellant's attorney in his brief states: "There was no record made of the hearing but the appellant alleges that this order was summarily denied and should the attorney for the petitioner and appellant herein been allowed to testify that he would have testified that there were no expenses of last illness, that the funeral expenses had been paid, there was a sufficient amount to pay the expenses of the administration of the estate and still a sufficient amount to pay a reasonable family allowance for petitioner and her minor child." This statement stands unchallenged before this court. However, disregarding this statement, we have concluded that it was an abuse of discretion on the part of the probate judge to deny a family allowance. If there were doubt in the mind of the court as to the truth of the allegations contained in the petition, it should have heard testimony on that subject matter.

The only possible basis for denial of an allowance commensurate with the appellant's needs is the existence of prior charges in excess of the value of the estate. There is nothing

in the record to indicate that such a determination was made nor is there evidence upon which such a finding could be based.

The order is reversed with directions to the probate court to enter an order granting a reasonable family allowance to appellant in accordance with the views herein expressed.

Van Dyke, P. J., and Schottky, J., concurred.