[Civ. No. 26323.   Second Dist., Div. Three.   Jan. 21, 1963.]

Estate of CHARLES E. VAN DER OEF, Deceased. GRACE S. VAN DER OEF, Petitioner and Appellant, v. FRED VAN DER OEF et al., Objectors and Respondents.

David Lynn and Majorell & Majorell for Petitioner and Appellant.

Gordon & Moss and Russell J. Moss for Objectors and Respondents.

SHINN, P. J.—Grace S. Van Der Oef appeals from an order in probate denying her petition for a family allowance from the estate of her deceased husband. She sought an allowance of $350 per month for her support and $350 as attorneys' fees "as a part of her support."

Petitioner was living with and supported by her husband at the time of his death. There are ample assets in the estate to meet her demands and there is no one else who is entitled to a family allowance. After the hearing the court made findings from which it concluded as follows: "I. That the petitioner, Grace S. Van Der Oef, is not entitled to a family allowance inasmuch as she has adequate means for her maintenance from her own properties and estate. II. Under the terms of a Property Settlement Agreement heretofore entered into by and between the decedent and petitioner, Grace S. Van Der Oef, dated January 10, 1958, said petitioner, Grace S. Van Der Oef, waived any beneficial provisions under the laws of inheritance and defeated her claim for family support from decedent's estate. III. That petitioner, Grace S. Van Der Oef, in her petition, prays for attorneys' fees and same should not be allowed as a charge against decedent's estate."

Petitioner alleged in her petition that she did not have adequate estate of her own and was entitled to a reasonable allowance from the estate for her maintenance in accordance with her station and manner of life. This allegation was found to be untrue upon evidence that the petitioner had living expenses of $460 per month and owned numerous properties producing a gross income of $620.70 per month.

The fact that appellant enjoyed an income in excess of the amount of her living expenses and was possessed of capital of a substantial amount was not a sufficient reason for denying her petition outright. (*Estate of Secord,* 84 Cal.App.2d 783 [192 P.2d 81] ; *Estate of Baldwin,* 190 Cal.App.2d 78 [11 Cal.Rptr. 604].)

The finding that by the terms of the property settlement agreement with her husband appellant waived her right to

receive support from his estate represents the court's interpretation of the agreement in the light of the circumstances in which it was entered into.

Appellant and her husband had separated and appellant had sued for divorce. The property settlement agreement was entered into but this was followed by a reconciliation and at the time of the husband's death the parties were living together and appellant was being supported by her husband. It was recited in the agreement that it was the mutual desire of the parties to settle their respective legal relations in and to property, whether community, separate or joint in character, and to separate the properties that were then owned and those that might be acquired in the future. Each of the parties conveyed to the other property specifically described as the separate property of the transferee. Adjustment was made of the community debts and each agreed not to contract any debt or obligation for which the other might be held responsible. The agreement read in part: "8. The wife hereby covenants and agrees that she will not at any time hereafter contract any debts, charges or liabilities whatsoever, for which the husband or his property or his estate shall or may be or become liable or answerable, and the wife covenants and agrees that she will at all times hereafter hold and keep the husband free and harmless of and from any and all debts and liabilities which may hereafter be incurred by her, and the husband hereby covenants and agrees that he will not at any time hereafter contract any debts, charges or liabilities whatsoever, for which the wife or her property or her estate shall or may be or become liable or answerable and the husband covenants and agrees that he will at all times hereafter hold and keep the wife free and harmless of and from any and all debts or liabilities which may hereafter be incurred by him.

"9. Each party hereby waives, relinquishes and releases any and all right, title, interest, claim and demand in and to any and all wages, income, earnings, profits and money of the other except as hereinabove provided, and all wages, income, earnings, profits and money of said parties shall henceforth be the sole and separate property of the party receiving, earning, or possessing the same, free and clear of any and all rights, titles, interests, claims and demands of the other, except by way of enforcement of the provisions of this agreement in that behalf to which said parties are entitled respectively.

"10. The parties shall make, execute and deliver any and all deeds, instruments, documents, papers and things as may

be required for the purpose of giving the covenants, terms and conditions of this agreement full effect.''

The agreement was clearly and exclusively one for the settlement of the ownership of the properties the parties owned or might thereafter acquire. Under the agreement everything was to be in separate ownership. There was no agreement for a separation nor any agreement on the part of the wife to waive the right of support by the husband during the existence of the marriage or in the event of a divorce. There was no mention of the right of either of the parties who might survive the other to share in the estate of the deceased spouse as the surviving spouse or otherwise.

It has been said that in order for an agreement to be effective as a waiver of widow's right to a family allowance the intention to waive the right must be expressed in clear and express language and that any uncertainty in the language of the agreement should be construed in favor of the right. (*Estate of Shapero*, 39 Cal.App.2d 144 [102 P.2d 569] ; *Estate of Bidigare*, 215 Cal. 28 [8 P.2d 123].)

Although the rule speaks for itself the reasons which support it are obvious. The widow's right to support from the husband's estate is peculiar to itself. It is distinct from the matters that are usually within the contemplation of the parties in the settlement of their property rights. If the parties are concerned with the rights that normally exist in favor of one or the other after dissolution of the marriage by divorce or death any agreement they may have reached respecting the same will be found to have been reduced to writing. If the agreement is silent with respect to conditions that may exist or rights that may be claimed after dissolution of the marriage the omission can mean only that such rights were not intended to be affected by the agreement. There is nothing whatever in the agreement of the parties which indicates that the wife intended to relinquish her right to a widow's allowance or that the husband intended or understood that she was waiving the right.

In denying appellant's petition for a family allowance the court necessarily included a denial of her right to an allowance for attorneys' fees. However, the question will arise upon a new hearing on the petition when the court grants the same. But the order should not include an allowance for appellant's attorneys' fees. The right of a successful applicant for a family allowance to attorney's fees is not provided for by statute. It does not exist independently of statutory authority.

This was the express holding in *Estate of Bevelle*, 81 Cal.App. 2d 720 [185 P.2d 90]. A distinction exists where the application is made by one for the benefit of another and where it is made on one's own behalf as in *In re Bundy*, 44 Cal.App. 466 [186 P. 811], where the application was for the appointment of a guardian of the person and estate of an alleged incompetent and in *Estate of Filtzer*, 33 Cal.2d 776 [205 P.2d 377], where the application was made on behalf of an infant son whose legitimacy had been established against the estate of the deceased father. In the latter estate, an allowance to the mother of attorney's fees was affirmed but this was solely upon the ground that the court did not make the allowance of attorney's fees as attorney's fees "but correlated such added relief with the concept of an obligation assumed by her on behalf of the child" to defend his rights to share in the decedent's estate. We understand this to mean that since attorney's fees would have been allowable in a suit by the mother to establish legitimacy of the child during the lifetime of the father pursuant to section 196a of the Civil Code, there should be an equal right to attorney's fees for representing the interests of the child by means of an application for a family allowance under section 680 of the Probate Code. The facts of the present case bring it within the rule of *Bevelle* and not within the reasoning or the conclusion of the court in *Filtzer*.

The order is reversed for further proceedings in accordance with the views herein expressed.

Ford, J., and Files, J., concurred.