Opinion
 

 THOMPSON, J.
 

 This is an appeal pursuant to Probate Code section 1240 from an order granting family allowance to respondent Barbara S. Wallace payable by the estate of her late husband: It raises the novel issue of the competency as evidence of affidavits or declarations in a
 
 *199
 
 contested proceeding on a petition for family, allowance. The appeal also includes issues of the relevancy of length of marriage to the award of family allowance to a surviving widow and the propriety of an exercise of trial court discretion in making the award.
 

 We conclude: (1) affidavits or declarations are not competent evidence in a contested proceeding concerning the award of a probate family allowance; (2) length of marriage is irrelevant to the right of a surviving widow to the allowance; and (3) the trial court did not abuse its discretion. We reject as untimely a further contention first asserted by the appellant executor in his reply brief. Accordingly, we affirm the order.
 

 Facts
 

 Prior to October 1969, Donald P. Wallace was employed by a corporation, Wallace Machinery Co., at a salary of $48,000 per year plus 10 percent of net profit. The contract provides for the payment of $1,000 per month to the surviving spouse of Wallace if he dies during the term of the agreement.
 

 Wallace died testate on October 9, 1969, leaving respondent, Barbara S. Wallace, as his surviving widow. On October 27, the Wallace will designating Michael H. Wallace executor was admitted to probate. An inventory and supplemental inventory of the estate disclose assets of approximately $320,000.
 

 Barbara Wallace was paid the $1,000 per month from Wallace Machinery as required by the employment contract. On October 15, 1970, Michael Wallace, as executor, petitioned the probate court for an order authorizing payment of family allowance to Barbara. The petition recites that the estate is indebted to a bank in the amount of $20,000, is subject to the expense of administration, and will be liable for death taxes in an unascertained sum. It seeks authority to pay a family allowance retroactive to the date of death at the rate of $500 per month, a total sum of $5,000. The petition was granted and the sum paid.
 

 No further sum was paid from the estate to Barbara until January 1, 1972. Commencing on that date, the executor paid her $500 per month until September 1974, and then $700 per month through April 1976. No order of court authorized the payments. They ceased in May of 1976.
 

 
 *200
 
 On September 21, 1976, Barbara filed a petition for family allowance commencing the matter at bench. The petition seeks the following:
 

 (1) $7,850 constituting the allowance at the $500 per month rate for the period from the end of September 1970, when the allowance was last paid per the previous court order, to January 1, 1972, when the executor resumed payments from the estate.
 

 (2) An award of family allowance at the rate of $800 per month from May 1, 1976.
 
 [1]
 

 The court received evidence that Barbara’s income produced by her net worth of about $157,000, including $118,000 of proceeds of insurance on the life of the deceased, was approximately $9,900 per year and that her expenses were in excess of $24,000. Barbara, who had been employed after her husband’s death but had been earning less than her financial needs in the years preceding the hearing, had terminated her employment because of a “back problem.” She plans part-time work.
 

 The court sustained Barbara’s objection to evidence offered by the executor to show that Barbara’s marriage to the decedent had been of short duration. It refused to receive in evidence an affidavit of the executor which stated the executor’s opinion that “the net residuary estate” was approximately $ 110,000. The court also refused to consider in connection with Barbara’s petition a first and final account and petition for its settlement and proration of federal estate tax filed by the executor on the day of hearing on the petition.
 

 The probate court granted Barbara’s petition except for the period May 1 to October 1, 1976. In this appeal by the executor from the order incorporating that ruling, the executor contends in his opening brief: (1) the probate court erred in refusing to accept the executor’s affidavit in evidence and in barring testimony of the length of Barbara’s marriage to the decedent; and (2) the court abused its discretion by awarding family allowance. In his closing brief, the executor for the first time raises the issue of the propriety of the probate court’s failure to consider the first and final account in conjunction with the petition for family allowance.
 

 
 *201
 

 Competency of Affidavit
 

 The trial court properly barred the use of the executor’s affidavit as evidence in the hearing on Barbara’s petition for family allowance.
 

 Probate Code.section 1230 states: “All issues of fact joined in probate proceedings must be tried in conformity with the requirements of the rules of practice in civil actions.” The requirements of practice in civil actions preclude testimony by affidavit except as provided by statute. (Witkin, Cal. Evidence (2d ed. 1966) § 628.)
 

 The executor relies solely upon Code of Civil Procedure section 2009 which recognizes the competency of affidavits or declarations in lieu of oral testimony in a hearing on a motion. He reasons that because Code of Civil Procedure section 1003 defines an application for an order as a motion and an order as a direction of the court entered in writing but not included in a judgment, a petition for family allowance is a motion as defined in the statute.
 

 Probate Code section 1233 precludes the executor’s argument. That section incorporates into probate proceedings only “the provisions of Part 2 (commencing with Section 307) and of Article 3 (commencing with Section 2016) of Chapter 3 of Title 3 of Part 4 of the Code of Civil Procedure.” Thus only the procedural provisions encompassed in Code of Civil Procedure sections 307 through 1062a and 2016 through 2036 are specifically applicable to proceedings in probate. While section 1003 defining motions is one of the incorporated provisions, section 2009 permitting evidence by affidavit or declaration to be received in hearings on a motion is not.
 

 In sum, the Code of Civil Procedure’s statutory authorization for use of affidavits or declarations cannot be applied to authorize the procedure in probate. In probate proceedings, the authorization is contained in Probate Code section 1233 itself. There affidavits or declarations are permitted only in uncontested proceedings.
 

 The executor points to Probate Code section 1230 as standing for a contrary result. While that section does state the generality “All issues of fact joined in probate proceedings must be tried in conformity with the requirements of the rules of practice in civil actions,” the generality must yield in the context of the issue in the case at bench to the specific provisions of Probate Code section 1233.
 

 
 *202
 

 Relevancy of Length of Marriage
 

 Claiming that a probate family allowance awarded a surviving widow is the functional equivalent of spousal support granted in a marital dissolution, the executor asserts trial court error in barring as irrelevant evidence offered by the executor to establish that Barbara’s marriage to the decedent was of short duration. The executor notes that Civil Code section 4801, which specifies the criteria for determining spousal support in a marital dissolution, includes duration of the marriage as one of the elements to be considered. He adds citations to
 
 Estate of Woodward
 
 (1964) 230 Cal.App.2d 113, 116 [40 Cal.Rptr. 791, 12 A.L.R.3d 1134], and
 
 Estate of Schumacher
 
 (1971) 18 Cal.App.3d 146, 152 [95 Cal.Rptr. 572], each of which states that a family allowance is an extension of the decedent’s obligation of support, and extrapolates to the proposition that, therefore, the duration of marriage is relevant to an award of family allowance.
 

 The executor’s extrapolation fails. It ignores the fact that
 
 Woodward
 
 and
 
 Schumacher
 
 deal with family allowance in the context of those who may be legally entitled to it. Neither case deals with the purpose of family allowance. When that purpose is contrasted with that of spousal support, the analogy between the two forms of award fails.
 

 The purpose of the family allowance is to continue, during settlement of the estate, the support of the surviving spouse (or eligible child) that he or she was receiving or was entitled to receive during the decedent’s life.
 
 (Estate of Brooks
 
 (1946) 28 Cal.2d 748, 755 [171 P.2d 724];
 
 Estate of Secord
 
 (1948) 84 Cal.App.2d 783, 786 [192 P.2d 81].) To that end, Probate Code section 680 speaks in terms of a family allowance of a “reasonable [amount] ... as shall be necessary for . . . maintenance according to [the] circumstances [of the recipient].” The allowance must be denied by reason of reasonable maintenance derived from other sources only when other persons (such as surviving children) may also be entitled to their own allowance. (Prob. Code, § 682.) While the probate court pray consider a surviving spouse’s income from his or her property in determining whether a family allowance is necessary, the allowance is deemed necessary despite the proposition that the survivor is able to invade capital to supply his or her need for support.
 
 (Estate of Secord, supra,
 
 84 Cal.App.2d 783, 786; see also
 
 Estate of Van Der Oef
 
 (1963) 212 Cal.App.2d 155, 156 [27 Cal.Rptr. 855].)
 

 
 *203
 
 In contrast, the court in a marital dissolution seeks generally to split one primary income so that it will support two households. It is unrealistic in those circumstances to ignore the fact that generally the standard of living which supports each household will be diminished. For that reason, Civil Code section 4801 establishes the standards for the award of spousal support in a marital dissolution in terms of amounts which “the court may deem just and reasonable.” The capital of the spouse seeking support may be considered (Civ. Code, § 4801, subd. (a)(2)) as well as capacity to engage in employment (Civ. Code, § 4801, subd. (a)(4)), factors irrelevant to the award of a family allowance.
 

 Thus Civil Code section 480l’s requirement that duration of the marriage be considered in determining a “just and reasonable” award of spousal support is not transposable to Probate Code section 680’s mandate that family allowance be awarded in such “reasonable [amount] . . . as shall be necessary for [the] maintenance [of the recipient] according to [his or her] circumstances____”
 

 Accordingly, the probate court properly barred as irrelevant the executor’s offer to prove that the decedent’s marriage to Barbara was a short one.
 

 Probate Court Discretion
 

 The executor’s final contention in his appellant’s opening brief asserts that the probate court’s award of family allowance at all, or alternatively in the amount awarded, is not supported by the record.
 

 We consider that contention in the context that the probate court is vested with a broad area of discretion in determining the factual, need for and the amount of a family allowance, and that so long as it acts within that range its result must be supported on appeal.
 
 (Estate of Loundagin
 
 (1962) 199 Cal.App.2d 555, 558 [19 Cal.Rptr. 19].) Here the trial court’s exercise of discretion is supported by the $48,000-plus annual income payable to the decedent prior to death by his employment contract, evidence that Barbara needs approximately $24,000 per year for her support, and that her annual income is less than $10,000.
 

 Executor argues for a contrary result. He asserts that the value of the estate is slightly over $100,000 rather than the $300,000 shown in the
 
 *204
 
 inventory, a fact not supported by the record. He points to Barbara’s separate estate of a net value of about $157,000, including $118,000 representing the proceeds of insurance on the decedent’s life, a fact which is irrelevant because it is Barbara’s income and not her capital that is significant.
 
 (Estate of Barkdull
 
 (1969) 275 Cal.App.2d 729, 731 [80 Cal.Rptr. 317].) He asserts a marriage of only one year and ten days, a fact both irrelevant and not supported by the record. He points to the further irrelevant proposition taken from an incorrect resolution of conflicts in the evidence that Barbara is able to work in a fashion by which she can support herself. Finally, the executor relies upon the seven year period the probate has been pending and the amounts received by Barbara as family allowance, “voluntary payments,” and pursuant to the employment contract in prior years. The executor and not Barbara is in control of the estate and could long ago have petitioned for a final distribution terminating the probate. The amounts received by Barbara in the past were uniformly materially less than the $24,000 per year she requires for support.
 

 First and Final Account
 

 For the first time in his closing brief, the executor asserts that the trial court erred in not considering the executor’s first and final account filed on the day of the hearing on Barbara’s petition for family allowance. The contention having been omitted from the opening brief is not entitled to consideration on appeal.
 
 (People
 
 ex rel.
 
 Dept, of Public Works
 
 v.
 
 Garden Grove Farms
 
 (1965) 231 Cal.App.2d 666, 670 [42 Cal.Rptr. 118].)
 

 Disposition
 

 The judgment (order) is affirmed.
 

 Wood, P. J., and Hanson, J., concurred.
 

 A petition for a rehearing was denied November 16, 1977, and appellant’s petition for a hearing by the Supreme Court was denied December 15, 1977.
 

 [1]
 

 The petition also seeks confirmation as family allowance of the payments rnade by the executor to Barbara in the period from January 1, 1972, through April 1976. That issue was withdrawn by stipulation and reserved for resolution in connection with the executor’s accounting.