[L. A. No. 3978. Department One.—April 15, 1915.]

## In the Matter of the Estate of PHILLIP K. MOORE, Deceased.

ESTATES OF DECEASED PERSONS—FAMILY ALLOWANCE—REMARRIAGE OF WIDOW — APPLICATION AND ORDER FOR ALLOWANCE AFTER REMARRIAGE.—Under sections 1464, 1466, and 1467 of the Code of Civil Procedure, a widow is entitled to an allowance from her husband's estate which may be retroactive, covering the period from the date of the death of the decedent, to her remarriage. She is not deprived of the right by a remarriage before making her application or obtaining the order.

ID.—RIGHT TO HOMESTEAD LOST BY REMARRIAGE.—The cases relating to homesteads are not applicable to such a situation. The homestead looks to the future enjoyment and is made for the purpose of securing to the widow a place in which to live during the time she may require it. She loses that right when she marries some one else. Therefore, when she does not make application until after she marries, the right is gone.

APPEAL from an order of the Superior Court of Los Angeles County settling the account of the administrator of the estate of a deceased person. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Waldo M. York, and Harry M. Irwin, for Appellant.

Charles Lantz, for Respondent.

At the close of the argument, Shaw, J., delivered the opinion of the court, Sloss, J., and Lawlor, J., concurring.

The decedent Moore died, according to the evidence, on February 4, 1910. His widow was appointed administratrix of his estate and qualified and continued to act as administratrix until February 23, 1912, when she resigned. She remarried a Mr. Fraser on October 9, 1911, and after that marriage, but on the same day, she applied for the order in controversy here for the payment of an allowance out of the estate of Moore for her support during the period of her widowhood, that is for the period elapsing from Moore's death in 1910 to the date of her remarriage in 1911. The court made an order granting her an allowance of sixty dollars a month, payable out of the estate of the decedent, amounting to one thousand two hundred and ten dollars. Upon her resignation Mr. Lantz was appointed administrator of the estate. She filed an account of her administration and that account was settled in March, 1912. It made no mention whatever of the order for a family allowance. It shows, however, that no funds were on hand at the time out of which any allowance could have been paid. Subsequently Mr. Lantz filed his account of his administration claiming credit for one thousand two hundred and ten dollars paid to the widow in satisfaction of the allowance. That item was objected to by the other parties interested in the estate. The court overruled the objection and settled the account, allowing the item. From that order this appeal is taken.

Section 1464 of the Code of Civil Procedure provides that on the husband's death the widow is entitled to a reasonable provision for her support until letters of administration are granted and the inventory is returned. Section 1466 proceeds to declare that if the property of the estate set apart, meaning the household furniture and homestead, is insufficient for her support, the court must make a reasonable allowance out of the estate for her maintenance during the settlement of the estate. Section 1467 further declares that "such allowance, whenever made, may, in the discretion of the court or judge, take effect from the death of the deced-

ent." It is clear from these provisions that the widow is entitled to an allowance which may be retroactive, covering the period from the date of the death of the decedent. She does not lose her right to an allowance by failing to apply for it. Under any reasonable construction of these sections she is entitled to it during the entire period of widowhood. If she had made her application the day before her marriage and had obtained it, we do not presume it would be contended that she was not entitled to the money thereby allowed. The fact that she waited until after her marriage before making the application does not prevent her from receiving the allowance. The fact of her marriage did not deprive her of the right to apply for and secure the allowance. This right is not a vested right in the property of the decedent; it is a mere right to prefer a charge, and the allowance may or may not be granted. She may or may not enforce it. But if she gets the order before the estate is closed she is not deprived of the right by a remarriage before obtaining the order.

The cases relating to homesteads are not applicable to this question. The homestead, as counsel for respondent has said, looks to the future enjoyment and is made for the purpose of securing to the widow a place in which to live during the time she may require it. She loses that right when she marries some one else. Therefore, when she does not make application until after she marries, the right is gone. The same is not true in case of a family allowance. This case is an illustration of it. There was no property to pay a family allowance, yet under the policy of the law the estate was bound to support her so long as she remained the widow of the decedent and until the close of the administration. The necessity for her support existed all the time and she would be entitled to resort to the statutory provision in order to obtain credit and secure necessaries. The case of *Bacon* v. *Perkins*, 100 Mich. 183, [58 N. W. 835], is to the same effect. In that case the statute appears to be the same, in effect, as ours, and the case is authority for the conclusion here reached.

The order is affirmed.

Hearing in Bank denied.