LAURA CLINE, Appellant, v. C. P. CLINE, Appellee.

LAURA STRICKEL, Appellant, v. HARRY W. HILL et al., Appellees.

**DIVORCE:** Unsupported Conditions. A modifying order in divorce
1    proceeding which requires the defendant father to support an immature child, who was not born at the time of the original decree of divorce, may not, *in the absence of evidence of the mother's unfitness*, be made conditional upon the mother's surrendering the custody of the child to persons other than the defendant father, nor conditional upon the court's selecting the proper school for the child's education. (Sec. 3180, Code, 1897.)

**EXECUTORS AND ADMINISTRATORS:** Allowance to Surviving
2    Wife—Divorced Wife—Right to Allowance. Concede, *arguendo,*
the right of a divorced wife, under Sec. 3314, Code, 1897, upon the death of the unsuccessful defendant in divorce proceedings, to an allowance, out of the defendant's estate, for a year's support for defendant's child, who was unborn at the time the original divorce decree was entered, yet such right is effectively foreclosed by a former modifying order of the divorce decree wherein said defendant was required to support said child.

**DIVORCE:** Supplemental Proceedings—Attorney Fees. Concede,
3    *arguendo,* that the court has power to allow attorney fees in supplemental proceedings to obtain modifications of a divorce decree, yet such allowance is largely a matter of discretion with the trial court. (Sec. 3177, Code, 1897.)

*Appeal from Polk District Court.*—W. S. AYRES, Judge.

*Appeal from Madison District Court.*—LORIN N. HAYS,
Judge.

MARCH 12, 1918.

REHEARING DENIED JUNE 27, 1918.

C. P. Cline (now deceased) and Laura Cline were for-
merly husband and wife. On April 10, 1909, in an action
then pending in the district court of Polk County, the wife
was granted a divorce from her said husband, with an allow-
ance of alimony in the sum of $10,000, and $500 for coun-
sel fees. This decree has never been reversed or set aside;
but, by some subsequent arrangement, the recovery of perma-
nent alimony was adjusted and settled, by payment to plain-
tiff of $6,000. There was also a modification of the decree
respecting the custody of a daughter, who has since become
of age—a matter having no bearing upon the present contro-
versy. Since then, the plaintiff has remarried. On January
22, 1916, plaintiff petitioned the district court for a modi-
fication of the divorce decree, alleging that, at the date of its
rendition, she was pregnant, and that a child of her marriage
with defendant was thereafter born to her; that the divorce
decree made no provision for its care or support; that de-
fendant has never contributed anything for that purpose;
that she has sustained financial losses, and is without means
to care for and educate such child, while defendant is amply
able to do so; and she asks that the decree be so modified as
to require defendant to contribute equitably to that pur-
pose. The defendant resisted the application. Upon trial
to the court, it was ordered that the decree of divorce be so
modified as to charge the defendant with the support of the
child, Gladys Cline, during her minority; but there was an-
nexed to such order a condition, as follows: That the legal
custody of said child be committed to her sister, Mrs. Bilz;
and that she be placed in a school or institution of learning

to be designated by the court; and that the expense of her maintenance and education be paid by the defendant, to an amount not exceeding $40 per month; and, if plaintiff elected not to surrender the child, in accordance with these provisions, then the defendant should "not be bound by the decree." The plaintiff, declining to comply with this condition, has appealed. Pending the appeal, an order was entered by this court, requiring the defendant to pay plaintiff, for the support of the child, the sum of $30 per month, until the final determination of the cause upon its merits. Soon after the appeal was perfected, the defendant died, testate; and, his will having been probated in Madison County, Harry W. Hill and Pearl Bilz duly qualified as executors thereof, and have been substituted as defendants herein. Thereafter, plaintiff applied to the district court of Madison County for an allowance of $500 for the support of the child, Gladys, for one year from the death of the testator, relying therefor upon the provisions of Code Section 3314, as authority for such claim. The claim was opposed by the executors, who, among other things, offered in evidence the modification of the divorce decree, charging the defendant with the support of the child. The trial court, expressing the view that plaintiff would be entitled to the allowance asked, were it not that the support of the child had been provided for by the order modifying the divorce decree, overruled the application; and from this ruling, plaintiff has appealed. The two appeals have been submitted together, and will be disposed of in a single opinion.—*Modified, affirmed, and remanded, on first appeal; affirmed on second appeal.*

*E. J. Kelly,* for appellant.

*John A. Guiher* and *J. W. Rhode,* for appellees.

WEAVER, J.—I. The defendant did not appeal from the order so modifying the divorce decree as to charge him with liability for the support of the child, Gladys, and plaintiff

appeals therefrom only because of the con-

1. DIVORCE: unsupported conditions.
dition attached thereto, requiring her to surrender the legal custody of her child to Mrs.
Bilz, and to commit the temporary custody
of the child to some school, to be designated by the court.
We shall, therefore, confine our attention to this feature of
the controversy. There is little or nothing disclosed in the
record to indicate the reason for taking this child of six
or seven years of age from the custody and care of her mother
and natural guardian. To supply this apparent lack, reference is made in argument to the allegations made and
evidence offered by defendant in the original divorce case,
attacking the woman's character, and to the declarations
by the defendant denying or questioning the paternity of the
child. It is sufficient to say, in this respect, that the trial
court, upon consideration of the merits of the original case,
found the plaintiff entitled to a divorce, and dismissed the
defendant's cross-petition; and, in the absence of any later
showing of any unfitness of this mother to have the care and
custody of her infant daughter, we must assume that she
has not forfeited her parental rights. It may be that, had
the defendant expressed a desire or willingness to support
and care for the child, and had asked that she be given into
his custody, an order for that purpose might have been reasonable; but no such suggestion appears to have been made
by him. On the contrary, it would seem that he repudiated
all liability for her support, if not, also, the fact of his
parental relation, and that he maintained this attitude to
the end of his life, and by his will excluded her from any
share in his estate, thus indicating an entire lack of parental
interest and affection on his part. Such being the case, it
should require a remarkably strong showing of circumstances to sustain a decree which, while finding the defendant liable for the child's support, makes his performance of
that duty depend upon the consent of the mother to the sur-

render of her natural and legal right to the custody and society of her infant daughter. That the court has power to make such order, in a proper case, is not to be denied; but, in the absence of a clear showing of the moral unfitness of the mother, or some other extraordinary condition affecting the best interests of the child, it is not to be justified. No attempt appears to have been made to prove or establish any such defense to the modification of the decree. The answer filed, resisting the application, in no manner challenges the right or fitness of the plaintiff to the custody of her child, but rests the defense solely upon the proposition that the defendant's obligation had been determined by the original decree, which he had duly performed, and that there had been no such change in the financial circumstances of the parties as would justify any modification of the provisions for alimony. We are of the opinion, therefore, that the order adjudging the defendant's liability to contribute to the support of the child, Gladys, should be modified by eliminating therefrom the condition which made the performance of that duty depend upon plaintiff's consent to relinquish the custody of said child to another, or to permit its commitment to a school, to be determined by the court. In view, however, of the fact that the order fixing the liability for support at $40 per month contemplated a somewhat enlarged expenditure, by reason of the provision for the child's commitment to some school,—a provision which, we hold, should be eliminated,—it is, perhaps, but just that the monthly allowance be reduced from $40 per month to $30 per month, to correspond with the *ad interim* or temporary allowance provided by the order of this court for the child's support pending the litigation. The order modifying the decree of divorce will, therefore, be modified by reducing the plaintiff's recovery for the care and support of the minor child, Gladys Cline, to $30 per month, and also by eliminating the further provisions by which the payment of said allowance is conditioned

upon the plaintiff's relinquishment of her right to the custody of said child. As the record before us does not disclose how much, if anything, has been paid to the plaintiff in discharge of the allowance made her by this court, the cause will be remanded to the district court of Polk County for its ascertainment, and for the entry of judgment allowing plaintiff's claim as a charge upon the estate of C. P. Cline, at the rate of $30 per month from July 15, 1916, less the payments, if any, since made thereon, and for future payments at the same rate at quarterly periods during the minority of such child.

II.    Referring now to the appeal from the 'order of the district court of Madison County, denying plaintiff's motion for an allowance for a year's support for her child, we express no opinion at this time, upon the question whether plaintiff, as the divorced wife of the deceased Cline, has any standing, under any circumstances, to claim an allowance pursuant to the provisions of Code Section 3314. It is enough, at this time, to say that if, under some conditions, such right may exist, we think the trial court did not err in holding that the allowance already granted in the modification of the divorce decree for the support of the child, satisfies the requirement of the law; and that the application for additional relief in that line was properly overruled.

2. EXECUTORS AND ADMINISTRATORS: allowance to surviving wife: divorced wife: right to allowance.

It should also be said that, in the proceeding to modify the divorce decree, plaintiff asked an allowance for the payment of her attorney's fees; but the court refused the request, and of this ruling complaint is also made. There is, perhaps, room for doubt whether the law authorizing the allowance of counsel fees in divorce proceedings is broad enough to justify the taxation of such fees in proceedings of a supplementary character, after the divorce has been

3. DIVORCE: supplemental proceedings: attorney fees.

granted and the alimony and the fees taxed therein have been paid. But, assuming that appellant is correct in the proposition that such authority exists, we hold to the view that the taxation of such fees is largely a matter of discretion, and that, under all the circumstances, this discretion was not improperly exercised by the trial court. It follows that the motion for the taxation of attorney fees in this cause must be, and is, denied.

Further discussion is unnecessary. The order of the district court of Polk County, requiring defendant to contribute to the support of the child, will be modified, as herein indicated, and, as thus amended, is affirmed; and the ruling of the district court of Madison County, denying plaintiff's application for allowance against the Cline estate, is affirmed, without modification. The costs upon the first appeal will be taxed to the executors, who have been substituted as defendants, and the costs upon the second appeal will be taxed to the plaintiff.—*Modified, affirmed, and remanded, on first appeal; affirmed on second appeal.*

Preston, C. J., Gaynor and Stevens, JJ., concur.