[Civ. No. 21037. First Dist., Div. One. July 15, 1963.]

Estate of JOHN BETTENCOURT GOULART, Deceased. JOHN DAN GOULART, a Minor, etc., et al., Petitioners and Respondents, v. EDITH GOULART, as Executrix, etc., Objector and Appellant.

Blair F. Burton for Objector and Appellant.

Hugh Henes for Petitioners and Respondents.

BRAY, P. J.—Appellant, the widow of decedent and executrix of his estate, appeals from an order granting family allowance to his two minor children by a prior marriage, and purports to appeal from the order denying rehearing.[1]

## QUESTION PRESENTED

Where a divorce decree provides for child support payments, is a creditor's claim in the father's estate the exclusive method of obtaining support for said children?

## FACTS

Ethel Ann Goulart, who as guardian *ad litem* of the two minor children of said decedent, filed this proceeding, is the divorced wife of decedent. By final decree of divorce, dated October 22, 1953, as modified February 18, 1954, she was awarded custody of the three (at that time) minor children of the parties and decedent was ordered to pay $20 per week support for each child, to continue until the further order of the court. John Goulart died August 26, 1961. March 13, 1962, she, as guardian *ad litem* of the two minor children, petitioned the probate court for family allowance for them. She asked for $150 per month for the minor son and $90 per month for the minor daughter. Edith Goulart, widow of decedent and executrix of his estate, opposed the petition by an affidavit setting forth in effect that there were insufficient funds in the estate to pay expenses of administration, funeral expenses and claims and a family allowance to the children. The probate court granted the petition, ordering the executrix to pay to the guardian the sum of $20 per week for each child, to "continue during the respective

---

[1]The order granting family allowance is appealable. (Prob. Code, § 1240.) However, the order denying motion for rehearing is not. (*Estate of Smith* (1959) 175 Cal.App.2d 803, 805 [1 Cal.Rptr. 46].) Such an appeal must be dismissed, as the appeal from the order granting family allowance necessarily includes a review of all matters which could be raised upon the petition for rehearing.

minority of each of said minors or until otherwise ordered by the court.''

## Family Allowance Proper

Appellant contends that the family allowance was improperly awarded because support obligation under the divorce decree was a claim required to be filed against the estate, and that no family allowance could be granted because there was no duty to support other than that. ■ This contention overlooks the fact that a father's duty to support his minor children ''exists independently of the marriage status, and is a continuing obligation 'during the minority of the children of the marriage.' (Code Civ. Proc., § 138 [Civ. Code, § 138].) ■ It is unaffected by either the interlocutory or final decree and may be enforced by a proper proceeding.'' (*Bernard* v. *Bernard* (1947) 79 Cal.App.2d 353, 358 [179 P.2d 625].) ■ That the children are in the custody of the mother under court order does not relieve the father of the support obligation, even though section 196, Civil Code, provides, in part, that the parent entitled to the custody of a child must give him support and education suitable to his circumstances. (*Dickens* v. *Dickens* (1947) 82 Cal.App.2d 717, 720 [187 P.2d 91].)

■ ''In California the rule is that the obligation of a father to support his minor child which is fixed by divorce decree . . . does not cease upon the father's death, but survives as a charge against his estate.'' (*Taylor* v. *George* (1949) 34 Cal.2d 552, 556 [212 P.2d 505].) ■ There is nothing in *Taylor* or in *Newman* v. *Burwell* (1932) 216 Cal. 608 [15 P.2d 511] (cited by appellant) nor in any other authority that we have been able to find, that holds that filing a claim against the estate and suing thereon if the claim is rejected, is the exclusive method of obtaining support for minor children in the custody of a mother who has obtained support order for them in the divorce decree. In *Newman*, *supra*, page 615, the court in holding that an action based upon a decree of divorce awarding custody of a minor child to the plaintiff and ordering the payment to her of support for the child was proper against the deceased father's estate, stated that in such action ''There should be credited as payments on said claims [that is, claims for unpaid support under the decree of divorce] all sums paid to the plaintiff in the administration of the estate as family allowance for the support and maintenance of the minor child'' (P. 615.)

This appears to be the only statement in California relating to the issue in the instant case. Insofar as anything may be inferred from it, it appears to indicate that the granting of a family allowance is proper if credit for it be given on the decree support payments.

In *Cline* v. *Cline* (1918) 183 Iowa 1255 [166 N.W. 698], the court held that where a divorce decree ordered child support payments it was not error to deny a petition for family allowance for the child from the father's estate. There is no discussion of the subject as the court said that it was expressing no opinion whether "under any circumstances" the divorced wife might obtain support for the child from the estate of the divorced father. "It is enough at this time to say that, if under some conditions such right may exist, we think that the trial court did not err in holding that the allowance already granted in . . . the divorce decree for the support of the child satisfies the requirement of the law, and that the application for additional relief in that line was properly overruled." (P. 700 [166 N.W.].) This decision is not persuasive.

To say that the minor child's sole remedy in collecting support money is through the creditor's claim procedure would appear to be relegating him to an undeserved position. At least during the period the estate is being administered there should be a means to provide his support. The estate may not be of sufficient size to be able to fulfill the payments under the support decree, if the child's support is limited to a claim therefor against the estate, such claim to rank with other claims as provided in section 950, Probate Code. The child of a former marriage should stand in no worse position than the widow of the decedent's last marriage, regardless of the support decree. Family allowances " '. . . are strongly favored in the law . . . [statutes providing therefor] must be construed with the same spirit of liberality that prompted their enactment . . . to guard and protect the family. . . .' " (*Estate of Filtzer* (1949) 33 Cal.2d 776, 783 [205 P.2d 377].)

The order is attacked also on the ground that it is not supported by the evidence. There is no transcript in the record of the proceedings before the court. All that appears in the record is the verified petition of Ethel Goulart stating that the sums requested "are necessary for the support and maintenance of each of said minor children according to their present circumstances"; that "said estate is more than ade-

quate and sufficient to pay a reasonable amount for the support and maintenance of each of the above named minor children during the administration of this estate, and that a reasonable sum can be paid to each of said minor children without detriment or prejudice to any of the heirs at law or beneficiaries under the will of said decedent,'' and the affidavit of the widow listing the bills paid by her (apparently without claims therefor being filed) and purporting to establish that sufficient property does not exist from which to pay a family allowance. The children's need is not denied by the widow's affidavit.

By its judgment the probate court reconciled the conflict concerning the sufficiency of the assets of the estate. It must be presumed that in awarding the family allowance the probate court determined that the assets were sufficient to justify the allowance. ▮▮▮ Moreover, solvency of the estate is not a prerequisite to the making of an order for family allowance where, as here, the order is made within one year after the granting of letters. (*Estate of Treat* (1912) 162 Cal. 250, 256 [121 P. 1003].)

▮▮▮ Appellant contends that analogizing the homestead situation with the family allowance situation, a family allowance under any circumstances, if awarded to the children alone, is void; that it can only be awarded jointly with an allowance to the widow. In *Estate of Rosenaur* (1951) 107 Cal.App.2d 461 [237 P.2d 17], it was held that when a spouse survives, a homestead cannot be set apart for a minor child alone but it must be for such spouse *and* the minor child. Section 661, Probate Code (the homestead section), explicitly so provides. It provides that the court ''. . . must select, designate and set apart and cause to be recorded a homestead for the use of the surviving spouse *and* the minor children, or, *if there be no surviving spouse, then* for the use of the minor child or children. . . .'' (Italics added.) Contrastingly, section 680, the family allowance section, provides: ''The widow, widower, minor children, and adult children who have been declared incompetent by order of court are entitled to [family allowance]. . . .'' There really is no analogy between the two situations as under the wording of section 680, there is nothing inconsistent with minor children's separately being awarded a family allowance even though the widow is still living, whereas section 661 specifically states that the minor children are entitled to a probate homestead separately *only* ''if there be no surviving spouse.''

Appellant contends that *Estate of Brooks* (1946) 28 Cal.2d 748 [171 P.2d 724], supports her contention that section 680 (the family allowance section) does not apply to children not residing with the father at the time of his death, but only to the widow and any children residing with him at that time. For this proposition appellant relies upon the statement in *Estate of Brooks, supra,* page 750, that section 680, Probate Code, and section 661 (the probate homestead section) are a part of the policy established by the Legislature regarding the support of the family pending the administration of the estate and "With regard to the rights of a surviving wife, the two sections are parallel. . . . Our determination as to petitioner's right to a family allowance will therefore be decisive as to her right to a probate homestead." From this language appellant argues that a family allowance can only be granted to the widow *and* children, and as to the latter only if they are living with the father at the time of his death. This is a *non sequitur. Estate of Brooks, supra,* was considering only whether a wife who obtains an interlocutory decree of divorce making no provision for her support is entitled to a family allowance and a probate homestead for herself. No question of allowance for children was involved.

As pointed out by appellant there is a split of authority in other jurisdictions on the subject with which we are concerned. In some states it has been held that for a child to be entitled to a family allowance he must have resided with the father at the time of the latter's death, while in other states it has been held that children of a prior marriage not then residing with the father are entitled to share in the family allowance. (See 34 C.J.S. 36, 37, 38.) We see no reason why we should not follow the latter rule.

The purported appeal from the order denying rehearing is dismissed. The order granting family allowance is affirmed.

Sullivan, J., and Molinari, J., concurred.