[Civ. No. 305. Fifth Dist. Feb. 6, 1964.]

Estate of RICHARD MARLOW JAMESON, Deceased. RICHARD MARLOW JAMESON, JR., a Minor, etc., Petitioner and Appellant, v. MABEL ISABELL JAMESON, as Executrix, etc., Petitioner and Respondent.

Ted R. Frame for Petitioner and Appellant.

Henry T. Leckman for Petitioner and Respondent.

BROWN (R.M.) J.—Richard Marlow Jameson died on March 20, 1963, leaving his widow as sole beneficiary and executrix of his will, and a minor 14-year-old son by a former marriage. Both the widow, and the minor son through his mother, filed petitions for family allowances. The former wife also filed a claim against the estate for delinquent and current child support based on a previous divorce judgment providing for $75 per month child support until the son attained the age of majority.

Each petitioner objected to the granting of the petition of the other. The trial court granted the petition of the widow, awarding her an allowance of $175 per month, and denied the

petition on behalf of the minor child on the ground that the minor was receiving $84 per month in social security benefits (until age 18 years). From these two orders the minor son appeals.

The appraised value of the estate was $27,825, with a 1962 net profit from the decedent's butane business of $3,047. There is no showing that the assets of the estate are not sufficient to satisfy prior charges.

"The widow, ... minor children, ... are entitled to such reasonable allowance out of the estate as shall be necessary for their maintenance according to their circumstances, ..." (Prob. Code, § 680.)

". . . , the granting or withholding of a support allowance is not discretionary if the assets of the estate are sufficient to satisfy prior charges." (*Estate of Baldwin,* 190 Cal.App.2d 78, 80 [11 Cal.Rptr. 604]; *Estate of Secord,* 84 Cal.App.2d 783 [192 P.2d 81].)

In examining the court's decision denying the petition of the minor, we note that its reasoning is based on the fact that the minor, since the death of his father, is receiving $84 per month from the United States social security payment program and that this is more than the $75 per month which was ordered in the divorce action, and that the minor is not entitled to a family allowance out of the estate of decedent.

"Family allowances ' "... are strongly favored in the law ... [statutes providing therefor] must be construed with the same spirit of liberality that prompted their enactment ... to guard and protect the family ..." ' (*Estate of Filtzer* (1949) 33 Cal.2d 776, 783 [205 P.2d 377].)" (*Estate of Goulart,* 218 Cal.App.2d 260, 264 [32 Cal.Rptr. 229].)

"To say that the minor child's sole remedy in collecting support money is through the creditor's claim procedure would appear to be relegating him to an undeserved position. At least during the period the estate is being administered there should be a means to provide his support. The estate may not be of sufficient size to be able to fulfill the payments under the support decree, if the child's support is limited to a claim therefor against the estate, such claim to rank with other claims as provided in section 950, Probate Code. The child of a former marriage should stand in no worse position than the widow of the decedent's last marriage, regardless of the support decree." (*Estate of Goulart, supra,* 218 Cal.App.2d 260, 264.)

■ The obligation of a father to support his minor child is fixed by divorce decree, and such an obligation does not cease upon the father's death but survives as a charge against his estate. (See *Taylor* v. *George,* 34 Cal.2d 552, 556 [212 P.2d 505].)

■ The question before us is whether or not this obligation of family allowance is satisfied by the payment of social security benefits.

The nature of social security benefits is discussed in *Flemming* v. *Nestor,* 363 U.S. 603, 609 [80 S.Ct. 1367, 1372, 4 L.Ed.2d 1435, 1443] as follows: ''The Social Security system may be accurately described as a form of social insurance, enacted pursuant to Congress' power to 'spend money in aid of the ''general welfare,'' ' *Helvering* v. *Davis, supra,* 301 U.S. at page 640, 57 S.Ct. at page 908 [301 U.S. 619 (57 S.Ct. 904, 81 L.Ed. 1307 at page 1314, 109 A.L.R. 1319 at page 1323)], whereby persons gainfully employed, and those who employ them, are taxed to permit the payment of benefits to the retired and disabled, and their dependents. Plainly the expectation is that many members of the present productive work force will in turn become beneficiaries rather than supporters of the program. But each worker's benefits, though flowing from the contributions he made to the national economy while actively employed, are not dependent on the degree to which he was called upon to support the system by taxation. It is apparent that the noncontractual interest of an employee covered by the Act cannot be soundly analogized to that of the holder of an annuity, whose right to benefits is bottomed on his contractual premium payments.''

■ Social security benefits payable to a minor child are not chargeable to the account of the decedent. Eligibility for benefits does not depend on contributions to the program, but rather to earning records of the primary beneficiary (see *Flemming* v. *Nestor, supra*) ; such payments do not depend on any contractual relationship between the decedent and the government of the United States from any voluntary act on the part of the decedent, and after certain minimum quarter-coverage has been met, the benefits do not depend on amounts paid by the decedent; thus, there is no basis for any proposition that such benefits satisfy a decedent's obligation of support.

Amounts of recovery in wrongful death actions have not been reduced by receipt of social security benefits. (See *United States* v. *Harue Hayashi,* 282 F.2d 599, 604; Note 84

A.L.R.2d 764; *Duree* v. *State* (La.App.) 96 So.2d 854, 866; *Lebel* v. *Swincicki*, 354 Mich. 427 [93 N.W.2d 281, 284].)

Probate Code section 682 provides as follows: "If the widow, widower, or any minor child has a reasonable maintenance derived from other property, and there are other persons entitled to a family allowance, the allowance shall be granted only to those who have not such maintenance."

In the *Estate of Card*, 64 Cal.App. 268, at page 273 [222 P. 145], the court approved an order for family allowance to minors for a period of time which had already passed during which time the minors had been maintained from other sources, stating that "[t]he order was proper under section 1464 of the Code of Civil Procedure, as construed in *Estate of Moore*, 170 Cal. 60 [148 P. 205]." (*Moore* disapproved on another point in *Estate of Blair*, 42 Cal.2d 728, 732 [269 P.2d 612].)

■■■ While respondent argues that social security payments are "maintenance derived from other property," such payments are not "from other property," at least in the ordinary sense of the word, but are actually in the form of social insurance conferred directly by and from the federal government and not from property.[1]

The appellant has also argued that in the findings of fact and conclusions of law where the family allowance was granted to the widow, the court erred in making a finding that the widow "does not derive a substantial maintenance from other property" and that she "is entitled to a family support allowance of $175.00 per month" out of the estate; that such findings are conclusions of law; that "substantial maintenance" cannot be considered to mean the same as "reasonable maintenance."

In *Estate of Secord, supra*, 84 Cal.App.2d 783, at page 786, Mr. Justice Traynor is quoted in *Estate of Brooks*, 28 Cal.2d 748 [171 P.2d 724], as stating that " '... a family allowance was intended by the Legislature to continue, during the set-

---

[1]The Federal Social Security Act "levies taxes on employees and employers to carry out its purposes ..." (48 Am.Jur., Social Security, Unemployment Insurance, etc., § 2, p. 513; 42 U.S.C.A. §§ 301 et seq.) The Act provides "for the payment of primary benefits to workers and their wives ... and for payment of secondary benefits to the widow, surviving minor children,..." (48 Am.Jur. § 9, p. 520.) "The Federal Act provides that the tax on employees shall be collected by the employer of the taxpayer by deducting the amount of the tax from the wages as and when paid." (48 Am.Jur. § 32, p. 537; *United States* v. *New York*, 315 U.S. 510 [62 S.Ct. 712, 86 L.Ed. 998].)

tlement of the estate, ...' '' while in *Estate of Cesare*, 130 Cal.App.2d 557, 569 [279 P.2d 607], where it was contended that it was error to allow the husband a family allowance inasmuch as he had a separate bank account of nearly $4,000, Mr. Justice Peters wrote, ''In a proper case, the court may allow support to the surviving spouse even if he or she has separate property. [Citation.] The matter rests in the sound discretion of the trial court.'' (See also *Estate of Silver*, 92 Cal.App.2d 173 [206 P.2d 895].)

In the case before us, the court was in error in considering that the minor child had other property, and in view of the social security cases referred to above, the trial court should have allowed a family allowance for the minor, the amount thereof resting in the sound discretion of the trial court. (See *Estate of Cowell*, 164 Cal. 636, 640-641 [130 P. 209].)

The order is reversed with directions to the trial court to make its order granting to said minor a family allowance in such amount and for such period as in its discretion it shall determine to be reasonable and necessary, in accordance with the views expressed herein; and we further direct the court to modify its order, making a finding that the widow does not have a reasonable maintenance (instead of substantial maintenance) derived from any other property, and that the widow is entitled to a reasonable allowance for her support, and what that amount is.

Conley, P. J., and Stone, J., concurred.