[Civ. No. 32954.   Second Dist., Div. Four.   June 18, 1969.]

JOHN D. THOMAS III, a Minor, etc., Plaintiff and Appellant, v. HOLMES E. HOBART, as Trustee, etc., et al., Defendants and Respondents.

Rich & Ezer and Mitchel J. Ezer for Plaintiff and Appellant.

Merwin S. Kreeger for Defendants and Respondents.

KINGSLEY, J.—The present appeal is from a judgment of dismissal, entered after a demurrer to a second amended com-

plaint was sustained without leave to amend. It appears from the complaint, and from judicial records of which the trial court properly took judicial notice, that plaintiff is the minor son of John D. Thomas, Jr., now deceased. Decedent was divorced from plaintiff's mother, who had been given custody under the divorce decree and to whom the decree directed that payments be made for plaintiff's support. The estate has been fully probated. No creditor's claim for the unaccrued child support was filed in the estate and the bulk of the estate was distributed to the defendants as testamentary trustees, with directions to pay such of the income for plaintiff's benefit as, in their discretion, is necessary and proper. A petition for a family allowance was made in the probate proceedings and was granted during the period of probate administration. After distribution, plaintiff sought, in the probate proceeding, an order directing the trustees to increase the monthly support being paid by them. The petition was denied, on the ground that the trustees had not abused their discretion in fixing the monthly payment. No appeal was taken from that order and it is long since final. Plaintiff then brought the instant proceeding to compel the defendants, as the persons succeeding to the assets of the estate, to pay out of those assets for plaintiff's support. A demurrer was sustained without leave to amend, the action was dismissed and this appeal followed. We affirm.

Plaintiff admits that the decision in *Newhall* v. *Newhall* (1964) 227 Cal.App.2d 800 [39 Cal.Rptr. 144], is against the claim now made. In that case it was held that a father's estate is liable, after his death, for the unaccrued payments for child support ordered by an *inter vivos* divorce decree, but that such liability is one for which a creditor's claim must be filed during the course of probate. It is argued that the holding in *Estate of Goulart* (1963) 218 Cal.App.2d 260 [32 Cal. Rptr. 229, 6 A.L.R.3d 1380], is to the contrary. We do not agree. *Goulart* holds only that a child may seek and secure a family allowance, payable during the period of probate administration, whether or not the child may otherwise pursue remedies against the estate for past or future support. As we have noted, plaintiff did follow that course in the instant case and was allowed and paid a family allowance until the time the estate was distributed.

In addition to being a precedent binding on us, we think

the rule announced in *Newhall* is sound. ██ ██ Not only are other creditors of the estate entitled to be advised of a possible claim for in futuro child support, but the whole policy of the law is to insure to distributees of a probate estate that the share distributed to them is theirs to enjoy without fear that, at a future date and after they have spent or committed their gifts, someone may appear to seek its return. ██ It is a mere happenstance that, in the case at bench, the principal distributees were trustees of a trust for plaintiff's benefit.

██ Plaintiff's real grievance is that the judge in the probate proceeding did not agree with him that the testamentary trustees were being too "penurious"[1] in the administration of the trust estate. But his remedy, if that ruling was in error, was to have appealed from the denial of his probate petition. He cannot secure such a review by this independent and collateral attack.

The judgment is affirmed.

Files, P. J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August. 13, 1969.