[Civ. No. 33362. Second Dist., Div. Four. Aug. 20, 1969.]

Estate of ROBERT DEAN BARKDULL, Deceased. VELDA E. BARKDULL, as Administratrix, etc., Petitioner and Appellant, v. DONNA J. BARKDULL, Petitioner and Respondent.

Spencer & Coleman and George W. Coleman for Petitioner and Appellant.

George Kurtz for Petitioner and Respondent.

KINGSLEY, J.—Decedent died on April 21, 1967. He was survived by respondent, who is his ex-wife, by two minor sons of that marriage, who were and are in respondent's custody and of whom she is guardian, and by appellant, his widow. At the time of death, a divorce action was pending between appellant and decedent, in which she had received a pendente lite support order. The widow was appointed as administratrix of the estate and appears herein in that capacity.

The divorce decree between decedent and respondent had ordered him to pay to respondent, for the support of the two children, $200 per month, together with medical and dental bills; the pendente lite order that appellant had received in her divorce action, gave her $20 per week.

Respondent sought a family allowance for the two sons, asking for $200 a month, plus medical and dental expenses and an award of $250 for her attorney. The widow sought a family allowance, in the amount of her alimony award, plus an additional amount because of her costs for attorney fees. The court gave respondent $50 a month for each son for 12 months, retroactive to the date of death and $250 attorney fees; it denied any additional allowance for medical or dental expenses. On the widow's petition, it granted her $10 per week for 12 months, commencing on April 1, 1968. The widow in her fiduciary capacity as administratrix, has appealed from the order in favor of respondent.[1] We affirm that order.

## I

The attack on the family allowance, as such, is based on section 682 of the Probate Code, which section reads as follows: "If the widow, widower, or any minor child has a reasonable maintenance derived from other property, and there are other persons entitled to a family allowance, the allowance shall be granted only to those who have not such maintenance." The widow contends that, since respondent is

---

[1]There was no appeal from the order in favor of the widow.

receiving $80 per month from social security for the children, and since she has received, as their guardian, $15,741.48, the proceeds of insurance on decedent's life, the terms of section 682 prohibit any allowance to the children. We disagree. It was held in *Estate of Jameson* (1964) 224 Cal.App.2d 517 [36 Cal.Rptr. 802], that social security payments were not monies ''derived from other property'' within the meaning of section 682. ■ As to the insurance proceeds, while it has been held that a court should look to the existence of *income producing* assets in passing on petitions for a family allowance (*Estate of Silver* (1949) 92 Cal.App.2d 173 [206 P.2d 895]), the law does not require that capital assets be invaded.[2] The argument against the allowance is without merit.

■ Although there is some question as to whether attorneys fees, as such,[3] may be awarded to a widow in connection with her petition for a family allowance, it was squarely held that such an award is proper where the petition is on behalf of a minor child. (*Estate of Filtzer* (1949) 33 Cal.2d 776, 781-784 [205 P.2d 377].)

The order appealed from is affirmed.

Jefferson, Acting P. J., and Dunn, J., concurred.

---

[2]The insurance proceeds, if invested, would of course produce a small sum that would be available for support. In support of the order, we assume that the trial court found that that potential income was not enough to be a ''reasonable'' maintenance.

[3]In the case of a widow, the practice is to grant an allowance large enough (if possible) to enable her to treat the cost of securing the order as a part of her living expense. That was the device which the widow utilized in her prayer in the court below.